IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK A. MIMS,**

        **Plaintiff,**

    v.                    CASE NO. 09-3227-SAC

**STATE OF KANSAS,**

        **Defendant.**

### O R D E R

This action was filed pro se, and not on forms, as a civil rights complaint pursuant to 42 U.S.C. § 1983, by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas. The only named defendant is the State of Kansas. Having considered the materials filed the court finds as follows.

**MOTION TO PROCEED WITHOUT PAYMENT OF FEES**

Mr. Sims has also filed a motion to proceed without prepayment of the filing fee (Doc. 2). 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and petitioner/plaintiff will be given time to submit a proper motion. This action may not proceed until he has submitted a motion that

conforms to the requirements of Section 1915(a). Plaintiff must answer the questions on the form motion, including those regarding his current assets and possible other sources of income. He has also failed to provide financial information from an institutional account for the appropriate six-month period. Instead he provides account information for six months in 2008 and January, 2009. Plaintiff must submit financial information for the six months immediately preceding the filing of his complaint.

Plaintiff will be given time to submit his motion on forms provided by the court, which if answered fully will constitute a proper affidavit; and to provide institutional account information for the appropriate six-month period[1]. If he fails to file a proper motion supported with the financial information required by statute, his motion may be denied. Of course, plaintiff also has the alternative of paying the filing fee in full at this time.

**FACTUAL BACKGROUND AND CLAIMS**

Mr. Mims claims he has been "taken advantage of by the State of Kansas" while he "has been trying to establish and recover (his) life." He further claims that for the past three years since his release on parole, he has been "targeted personally and accused of crimes and misinformed charges" that have been frivolous and fabricated, and were dismissed due to his innocence. As apparent

---

[1] Plaintiff is reminded that if his motion is granted, pursuant to 28 U.S.C. §1915(b)(1) he will remain obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined would be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

factual support for these claims, Mr. Mims alleges he lost thousands of dollars in valuable assets in March and May of 2007, when they were stolen[2]. He also alleges he lost "over $90,000" of assets in April, 2008; and was awaiting a parole decision when he was "arrested again on June 15, 2008." He was charged with possession of crack cocaine, and alleges the charges were proven false 8 months later. He also alleges that in March and April 2009, he was arrested in connection with a casino robbery, but was released "on G.P.S." and later "because it was evident" he did not do it. Mr. Mims also alleges that on September 14, 2009, he reported to his parole officer in Kansas City, Kansas, and was arrested for two crimes he "did not commit."

Plaintiff claims he is entitled to relief for the loss of all his valuable assets, for pain and suffering, and for being falsely arrested and harassed. He seeks $450,000 in damages.

**SCREENING**

Because Mr. Mims is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**NO CLAIM AGAINST STATE OF KANSAS**

---

[2] Plaintiff claims assets were stolen from his home after "police in Olathe" gave a named person his home address.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). This action, which names the State of Kansas as the only defendant, is clearly subject to being dismissed for the reason that the State is not a "person" subject to suit under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005). Suits against the States and their agencies, are barred, absent consent, regardless of the relief sought. Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Cory v. White, 457 U.S. 85, 90-91 (1982).

**FAILURE TO STATE FACTS SUPPORTING A CONSTITUTIONAL CLAIM**

Plaintiff brings this action under § 1983, and claims false arrest, defamation of character, racial discrimination, and loss of personal property. His claims of racial discrimination and harassment are not supported by any factual allegations whatsoever, and are subject to being dismissed for that reason. All his claims are subject to being dismissed because he does not name as defendants the person or persons who actually caused his false arrests, loss of property, defamed character, or who discriminated against him. Nor does he describe acts committed by that person or persons, which actually resulted in a violation of his federal

4

constitutional rights.  A pro se complaint must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The complaint must offer "more than labels and conclusions." Id. at 555.  Plaintiff has not alleged enough facts to state a plausible claim.

Plaintiff's claims have other deficiencies as well.  Any claim plaintiff may have of loss of property in the first quarter of 2007 appears to be barred by the two-year statute of limitations for bringing claims for damages under § 1983.  Moreover, his claim of defamation of character is not shown to be anything more than a state tort claim.  It is not a federal civil rights violation and thus is not grounds for relief in federal court under § 1983.  Instead, plaintiff's remedy for such a claim lies in the appropriate state court.

Finally, if plaintiff is claiming his current detention is false and unlawful, such a claim must be raised in a habeas corpus petition, and may not be presented in federal court until he has fully exhausted all remedies available in the state court. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated."). His other claims of false arrest do not name the actor(s) responsible or allege sufficient facts showing his arrest was without probable cause.

Plaintiff shall be given time to either cure the deficiencies set forth herein, or show cause why this action should not be dismissed for the foregoing reasons. Plaintiff is also required to submit any claims he can cure upon court-provided forms. If he fails to comply with the court's orders in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to file a properly supported motion to proceed without prepayment of fees on forms provided by the court or pay the filing fee in full, and to file his claims upon court-provided forms curing the deficiencies discussed herein, or show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to send plaintiff forms for filing a proper motion to proceed without fees and § 1983 forms.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge